|   |   |
|---|---|
| VLADIMIR RIVKIN,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE, N.A., a New York association; FAY SERVICING, LLC, a Delaware limited liability company; ALBERTELLI LAW PARTNERS CALIFORNIA, PA, a California corporation, and DOES 1 through 10,<br><br>Defendants. | No. 2:14-cv-02662-TLN-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court pursuant to Defendant J.P. Morgan Chase, N.A.'s ("Defendant") Motion to Dismiss. (ECF No. 40.) Rather than opposing Defendant's Motion to Dismiss, Plaintiff Vladimir Rivkin ("Plaintiff") filed a non-opposition, in which he acknowledges that the operative complaint is riddled with defects and seeks to file a Second Amended Complaint. (ECF No. 42.) Defendant filed a reply. (ECF No. 43.) The Court, having read and carefully considered the briefing filed by both parties, hereby GRANTS Defendant's Motion to Dismiss with leave to amend. (ECF No. 40.)

Pursuant to Local Rule 230(c), an opposition or statement of non-opposition to the granting of a motion must be filed and served not less than fourteen (14) days preceding the

1

noticed hearing date.[1]  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  As the hearing for this matter was originally set for October 8, 2015, Plaintiff filed his statement of non-opposition and a motion for leave to amend in a timely manner.  (ECF No. 42.)

Moreover, the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment.  *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).  Whether to grant or deny leave to amend is within the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court does not find that Plaintiff unduly delayed or acted in bad faith in filing his non-opposition while simultaneously seeking the Court's leave to amend his complaint.  Although Plaintiff previously submitted a motion for leave to amend his complaint on January 8, 2015, the Court never ruled on that motion because it was vacated by the parties' stipulation to dismiss a defendant.  (ECF No. 21.)  Additionally, while Plaintiff was granted leave to amend his complaint in state court, this Court has not previously granted Plaintiff's leave to amend. (ECF No. 1.)  There is also no indication that Defendant will be prejudiced by the amendment because the Court has not previously ruled on the merits of any of Plaintiff's pleadings.

Moreover, a court need not deny a plaintiff's motion for leave to amend based on futility alone.  *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010) ("[D]enial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until

---

[1] Eastern District Local Rule 137(c) provides in pertinent part that, "[i]f filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to the moving papers seeking such leave and lodge a proposed order as required by these Rules." Here, Plaintiffs failed to lodge the proposed order, and thus, failed to comply with Local Rule 137(c). However, given the unique circumstances of this case, the Court will nonetheless analyze the merits of the motion to determine if Plaintiff's request for leave to amend is proper.

after leave to amend is granted and the amended pleading is filed.").

In light of Plaintiff's non-opposition, the Court hereby **GRANTS** Defendant's Motion to Dismiss (ECF No. 40) with leave to amend. Plaintiff shall file his Second Amended Complaint within fourteen (14) days of this Order.

IT IS SO ORDERED.

Dated: October 17, 2016

Troy L. Nunley
United States District Judge